**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY WALLACE,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:04-1297** |
| **v.** | : | |
| | : | **(MANNION, M.J.)** |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE, DISTRICT ATTORNEY OF THE COUNTY OF HARRISBURG, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : : : | |
| **Respondents** | : | |

**MEMORANDUM AND ORDER**

The petitioner, an inmate incarcerated at the Pennsylvania State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, filed this *pro se* petition for a writ of habeas corpus on June 14, 2004, pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The petitioner alleges that the Pennsylvania Board of Probation and Parole ("Parole Board") changed its policies and procedures in 1996 in such a way as to apply unconstitutionally stringent standards for granting parole. He claims that these changes violate the *ex post facto* clause of the United States Constitution.

A show cause order issued on June 29, 2004. (Doc. No. 5). The respondents filed a response, with supporting documentation, on July 19, 2004, and the petitioner filed a reply to the response of August 2, 2004. (Doc.

Nos. 6, 7). The petitioner consented to proceed before a U.S. Magistrate Judge on June 23, 2004, and the respondents consented on August 20, 2004. (Doc. Nos. 4, 9). The petitioner filed a motion for leave to amend and supplement the petition for writ of habeas corpus on April 13, 2005, which was granted by order dated April 14, 2005. (Doc. Nos. 12, 13). The respondents filed a response to the amended petition on May 12, 2005. (Doc. No. 14). The petitioner replied to the supplemental response on May 31, 2005. (Doc. No. 15).

I.  **BACKGROUND**

The record reflects that the petitioner was convicted of Murder in the Third Degree on September 20, 1975, for which he was sentenced to a 10 to 20 year term of incarceration. The record also indicates that this sentence was to run consecutive to a prior sentence of 1½ to 5 years incarceration[1].

The petitioner's maximum term of imprisonment was to end on September 20, 2000, however he was paroled on October 1, 1987. While on parole, the petitioner was arrested on March 31, 1994, and charged with Aggravated Assault. He was subsequently convicted on this charge and sentenced to a 3 to 6 year term of incarceration. As a result of the parole violation, the petitioner was sentenced to an additional 42 month term of incarceration. His maximum release date is presently scheduled for August

---

[1] The record does not relate the underlying conviction which resulted in the 1½ to 5 year sentence.

18, 2008. (Doc. No. 1).

At the time the petitioner filed this habeas corpus petition, he had been reviewed for reparole on four (4) occasions: November 23, 1999; November 21, 2000, November 20, 2001, and October 17, 2003. The petitioner requested leave to file a supplement to this habeas corpus petition after he had once again been reviewed for parole on March 29, 2005. That request was granted by order dated April 14, 2005. (Doc. Nos. 12, 13). Petitioner has been denied parole each time, for various reasons, which are discussed in more detail below.

Citing Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir.), *cert. denied sub. nom.* Gillis v. Hollawell, 540 U.S. 875, 124 S. Ct. 229 (2003), the petitioner argues that the Parole Board's application of the 1996 amendments to the parole laws, in his particular case, has mandated an increase in his punishment which violates the *ex post facto* clause. The petitioner maintains that his favorable prison record demonstrates that "he would have been granted parole under the pre-1996 Amendments, and he faces an increased risk of incarceration based on the 1996 amendment." (Doc. No. 12, p. 3). The petitioner further states that he "has demonstrated that he has been rehabilitated since incarceration," but that "[t]he revised guidelines emphasize public safety rather than rehabilitation as the foremost factor in parole decisions." (Doc. No. 15, ¶ 16).

The respondents reply that the petition should be dismissed because the petitioner did not exhaust state court remedies. In the alternative, the

3

respondents argue that the petition should be denied because no violation of the *ex post facto* clause occurred. The respondents maintain that the petitioner cannot demonstrate that he faces an increased risk of punishment as a result of the 1996 amendments. Specifically, the respondents argue that the Parole Board acted properly in denying the petitioner parole in light of many factors, including the petitioner's prior failed parole attempt.

**II.    DISCUSSION**

The petitioner brought this habeas corpus petition pursuant to 28 U.S.C. § 2254.  A state inmate must exhaust all available state remedies prior to filing a petition for writ of habeas corpus in federal court. Barnard v. Kyle, 318 F. Supp.2d 250 (M.D.Pa. 2004)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); 28 U.S.C. § 2254(b)and(c)).  When an inmate completes one full round of the state's standard review process, the claim is considered exhausted, even if alternative channels of review exist. O'Sullivan, 526 U.S. at 844-45.  Exhaustion does not require that the claim actually be adjudicated by the state's highest court; it mandates only that the claim be presented. Barnard, 318 F.Supp.2d at 256 (citing Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984)).  The claim, however, must be "fairly presented" to the state courts, which means that "both the legal theory and the facts underpinning the federal claim must have been presented to the state courts...and the same method of legal analysis must be available to the state courts as will be employed in the federal court." Blasi v. Attorney General of

the Commonwealth of Pennsylvania, 30 F.Supp.2d 481, 486 (M.D. Pa. 1998).

The Third Circuit has held that exhaustion is not a jurisdictional requirement, but a matter of comity.  *See* Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994).  The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally secured rights. Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992).  There are circumstances, however, when the state judicial process proves inadequate.  Exhaustion is excused where there is "an absence of available State corrective process, or...circumstances that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Circumstances which render the process ineffective include: (1) where the state provides no means of seeking the relief sought; (2) where the courts have failed to alleviate obstacles to state review presented by circumstances such as the petitioner's *pro se* status, poor handwriting and illiteracy, and (3) where a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those underlying a federal habeas corpus petition, and there is no plausible reason to believe that the court will be persuaded to change it's decision. These circumstances are known collectively as the "futility" exception to the exhaustion requirement. Lines v. Larkin, 208 F.3d 153, 162-3 (3d Cir. 2000).

Pennsylvania inmates, in some instances may be able to challenge an alleged *ex post facto* denial of parole through a mandamus petition filed within

5

the original jurisdiction of the Pennsylvania Commonwealth Court. Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287 (2001). An adverse ruling by the Commonwealth Court may be appealed to the Pennsylvania Supreme Court. Werner v. Zazyczny, 545 Pa. 570, 681 A.2d 1331(1996); 42 PA CONS.STAT. §§ 723(a), 761(a).

Prior to filing the habeas corpus petition in this matter on June 16, 2004, the petitioner filed a petition for administrative relief with the Parole Board which requested that the Board reconsider the parole decision of October 21, 2003. The petitioner specifically raised the claim that the decision was in violation of the *ex post facto* clause of the United States Constitution. This request was denied on December 23, 2003. The petitioner filed a petition for review in the Pennsylvania Commonwealth Court, which was denied on January 3, 2004. The petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court which was pending at the time the habeas corpus petition was filed in this court. The petitioner had originally maintained that the exhaustion requirement should be waived in his case because "further state litigation would be futile." (Doc. No. 2, p. 6). The petitioner argued that the Pennsylvania Supreme Court had ruled, on several occasions, that the Parole Board's application of the 1996 amendments to persons sentenced prior to the amendments did not violate the *ex post facto* clause, citing Winklespecht v. Pennsylvania Board of Probation and Parole, 813 A.2d 688 (Pa. 2002); Finnegan v. Pennsylvania Board of Probation and Parole, 838 A.2d 684 (Pa. 2003), and Hall v. Pennsylvania Board of Probation and Parole,

851 A.2d 859 (Pa. 2004).[2]  The petitioner maintained that because no plausible reason existed to expect that the Pennsylvania Supreme Court would be persuaded to change its decision in the matter, the exhaustion requirement should be waived as futile. As it eventually transpired, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal on July 12, 2004. (Doc. No. 7, p. 4).

Subsequent to the filing of his habeas corpus petition, the Pennsylvania Supreme Court handed down a decision on February 24, 2005, which has the effect of substantially circumscribing the holdings of Winklespecht, Finnegan and Hall. In Cimaszewski v. Board of Probation and Parole, 868 A.2d 416, (Pa. 2005) the Pennsylvania Supreme Court held that "retroactive changes in the law governing parole *may* violate the *ex post facto* clause." Cimaszewski at 426-27(emphasis in original).  Citing the United States Supreme Court holdings in Garner v. Jones, 529 U.S. 244 (2000)(holding that one function of the *ex post facto* clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission), and California Dept. of Corrections v. Morales, 514 U.S. 499 (1995)(holding that California's amended parole policy to allow Board of Prison Terms to decrease the frequency of parole suitability hearings under certain circumstances did not

---

[2]In these cases the Pennsylvania Supreme Court held that the 1996 amendments do not violate the *ex post facto* clause because they represent only a new method of exercising the Board's broad discretionary powers, and do not actually or potentially, increase an inmate's punishment.

violate the *ex post facto* clause), the Court stated:

> The controlling inquiry in determining if an *ex post facto* violation has occurred is whether retroactive application of the change in the law "creates a significant risk of prolonging [Appellant's] incarceration."...Therefore, under <u>Garner</u> and <u>Morales</u>, the 1996 amendment may be shown to violate the *ex post facto* clause <u>if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration</u>...
>
> ...Speculative and attenuated possibilities of increasing punishment, however, do not suffice. Instead, this fact-intensive inquiry must be conducted on an individual basis. As the Supreme Court has indicated, "[w]hen the rule does not by its own terms show a significant risk, the [challenger] must demonstrate, by evidence drawn from the rule's practical implementation...that its retroactive application will result in a longer period of incarceration than under the earlier rule."...Thus, to state an actionable claim, an inmate must present some facts showing that the result of this change in policy, by its own terms, demonstrates a significant risk of prolonging the inmate's term of incarceration, or that it negatively impacts the chance the inmate has to be released on parole.

<u>Cimaszewski</u> at 427(internal citations omitted)(emphasis added).

The respondents argue, in response to the petitioner's amended/supplemented petition, that in light of <u>Cimaszewski</u>, it is evident that the petitioner has not exhausted state court remedies, especially relating to his most recent parole decision of March 29, 2005. The petitioner replies that the holding in <u>Cimaszewski</u>, in fact, compels the conclusion that exhaustion would be futile. He states, "because the Parole Board had the wisdom of the [<u>Cimaszewski</u> decision] when it denied him parole on March 29, 2005, there is [an] ex post facto violation as initially asserted by Plaintiff." (Doc. No. 12, p. 2).

The petitioner argues further:

> Even assuming arguendo, that the Board's exhaustion analysis is correct, the denial of Petitioner's parole was on March 29, 2005, a Petition For Review must be brought in the Commonwealth Court within 30 days from the date in which the Government Unit made the determination sought to be reviewed...
>
> ...If this Honorable Court were to rule that the contents of Petitioner's supplemental motion would have to be exhausted, there would be no State corrective process...available for Petitioner to exhaust yet another ex post facto argument, concerning the same facts, review by state law would clearly be foreclosed.

(Doc. No.15, pp. 4-5).

Where state procedural rules bar a petitioner from seeking further relief in the state courts, "the exhaustion requirement is satisfied because there is an absence of available State corrective process, 28 U.S.C. § 2254(b)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). This does not mean, however, that the federal courts can, without more, determine the merits of the petition. If a petitioner is procedurally barred from bringing his claims in state court, he must establish "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.

In order to establish "cause", the Supreme Court has stated that a petitioner must "show that some objective factor, external to the defense, impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478 (1986). For instance, the Court noted that where a factual or legal basis for a claim was not reasonably available to counsel or where interference by government officials made compliance impracticable, "cause" for the procedural default would be established. Id. If

9

an inmate cannot establish cause and prejudice, his claim will not be decided on the merits in a habeas proceedings, unless he demonstrates that the failure to do so would constitute a fundamental miscarriage of justice. Bell v. Varner, 2001 WL 1021135 * 8 (E.D. Pa. 2001)(citing Werts v. Vaughn, 228 F.3d 178, 193 (3d. Cir. 2000)).

Under the particular facts of this case, the interests of fairness, and judicial economy, persuade the court, that the petitioner's procedural default should be excused.  This is only because this court granted the petitioner's motion for leave to amend and supplement his habeas corpus petition on April 14, 2005, which was subsequent to the date that Cimaszewski was handed down. (Doc. No. 13).  Having granted the motion for leave to amend the habeas corpus petition to include the most recent parole denial, the petitioner could have misconstrued the order as an indication that the exhaustion requirement had been waived. In light of the unusual procedural history in this matter, judicial economy would best be served by disposing of the petition on the merits at this time. [3]

---

[3]    Having so concluded that exhaustion should be excused in this case, it is the position of this court that the holding in Cimaszeski now normally requires a federal habeas corpus petitioner to demonstrate that he has fully exhausted state court remedies. A futility argument, based upon the prior Pennsylvania Supreme Court holdings in Winklespecht, Finnegan, and Hall is no longer tenable. The Court in Cimaszeski made it clear that a state court must undertake a two-part *ex post facto* analysis.  First, the inmate bears the burden of establishing that the retro-application of the 1996 amendment creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes," Cimaszeski, 868 A.2d at 425, then the petitioner must establish that the 1996 application has created a

10

In this case the petitioner has not demonstrated a nexus between the 1996 amendments and his parole determination.  As the Supreme Court noted in Morales, the party challenging the law has the burden of "establishing that the measure of punishment itself has changed." Morales, 514 U.S. at 510, n. 6;  *See also* Dobbert v. Florida, 432 U.S. (1977)(refusing to accept "speculation" that the effective punishment under a new statutory scheme would be "more onerous" than under the old one).

The Petitioner's March 29, 2005, Notice of Board Decision, states in pertinent part:

> ...The Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled...[a]nd, the interests of the Commonwealth will be injured if you were paroled/reparoled...[t]herefore, you are refused parole/reparole at this time.  The reasons for the Board's decision include the following:
>
> Your version of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> The recommendation made by the department of corrections.

---

sufficient risk of increasing the measure of punishment, in practice, in his particular case.  Such an inquiry is "fact-intensive...and must be conducted on an individual basis." 868 A.2d at 427. This language effectively puts to rest any post Cimaszeski argument that exhaustion of state court remedies would be "futile."

>       Your prior history of supervision failure(s).
>
>       Reports, evaluations, and assessments concerning your physical, mental and behavior condition and history.
>
>       Other factors deemed pertinent in determining that you should not be paroled:
>
>       Your total denial of the offense while on parole.
>
>       You will be reviewed in or after March, 2006, or earlier, if recommended by the Department of Corrections staff.
>
>       At your next interview, the Board will review your file and consider:
>
>       Whether you have received a favorable recommendation for parole from the department of corrections.
>
>       Whether you have maintained a clear conduct record and completed the department of corrections prescriptive program(s).
>
>       Your efforts to secure an approved home plan will be submitted to the Board at the time of the review.

(Doc. No. 12, Exhibit "A").

As the respondents noted:

>       Petitioner's Supplemental Petition recites "facts" such as he obtained his G.E.D., acquired a barber's license, completed trade courses, took college courses, and completed various in-house drug and alcohol programs, and that he has stayed misconduct free. However, these "facts" do not demonstrate that Petitioner faces an increased risk of incarceration based on the 1996 amendments. Petitioner does not address the factors cited by the Board in its latest denial of parole concerning his refusal to accept responsibility for the offense(s) committed, his prior history of supervision failures, and his lack of remorse for the offense(s) committed. These are the reasons Petitioner was denied parole, and these were also many of the same reasons Petitioner was denied parole in 2004.
>
>       Petitioner's simple assertion that the 1996 amendments

> violated the *ex post facto* clause without actual facts to back up that assertion, is without merit and must fail.

(Doc. No. 14, p. 5).

The reasons for denial of parole as set forth by the Parole Board are not outside the Board's discretion, which is very broad. ("...parole is a favor which lies solely within the Board's discretion." <u>Bonilla v. Vaughn</u>, 1998 WL 480833 * 5 (E.D. Pa.)(citing <u>Weaver v. Pennsylvania Board of Probation and Parole</u>, 688 A.2d 766 (Pa. Commw. 1997)); *See also* <u>Rogers v. Pa. Bd. of Prob. & Parole</u>, 555 Pa. 285, 289 (1999)("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence.")

Thus, the petitioner has not stated a violation of the *ex post facto* clause by virtue of the application of the Parole Board procedures in his case. The Board's actions have not increased his punishment, either actually or potentially. The petitioner's maximum term of incarceration will not expire until August 18, 2008.  He has failed to show that his term of incarceration has been increased by any action of the Parole Board as a result of the 1996 amendments.

Finally, it is well established that there is no constitutionally created liberty interest in parole. *See, e.g.,* <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 422 U.S. 1, 7 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence."). While states may, under certain circumstances, create

liberty interests which are protected by the Due Process Clause, the Pennsylvania Supreme Court has long held that "a denial of parole does not implicate a constitutionally protected liberty interest." Coady v. Vaughn, 564 Pa. 604 (2001); *See also* Sandin v. Conner, 515 U.S. 472, 483-4 (1995). An inmate is not entitled to parole; he is entitled only to consideration for parole. Rodgers v. Parole Agent SCI-Frackville, 916 F. Supp. 474, 476 (E.D. Pa. 1996)("[T]he 14th amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest.")(emphasis in original).

On the basis of the record before the court, and the stated reasons for the Parole Board's denial of parole, including, but not limited to, his failure to successfully adjust to parole supervision in the past, the court concludes that there was a rational basis for the denial of parole. The petitioner has failed to show that there was an unfair application of amendments to the parole laws in his case. As a result, no violation of the *ex post facto* clause occurred. The petitioner is not entitled to relief on this claim, and his petition will be denied. *See* Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282 (3d Cir. 2005)(to be eligible for habeas corpus relief based on a violation of the *Ex Post Facto* Clause, a petitioner must show both a retroactive change in law or policy and that this change has caused individual disadvantage by creating a significant risk of increasing his punishment)(emphasis in original).

## III. CONCLUSION

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT** the Petition for Habeas Corpus (Doc. No. 1) is **DENIED**.

                                              s/ Malachy E. Mannion
                                              MALACHY E. MANNION
                                              United States Magistrate Judge

Dated:   October 27, 2005.

O:\shared\Memoranda\2004 MEMORANDUMS\04-1297.wpd